| | |
|---|---|
| EYAL S. ROSENSTOCK<br>PLAINTIFF<br><br>v.<br><br>MARIE PIÑEIRO PÉREZ, LUIS IGNACIO PIÑEIRO MONTALVO<br>DEFENDANTS | Civil Núm.<br><br><br><br>Re: Declaratory Judgment of Fraudulent Contract |

DEMAND

Appears before the HONORABLE COURT Mr. EYAL S, ROSENSTOCK, the claimant of epigraph, through the legal representation that he subscribes and very respectfully ALLEGES, EXPLAINS AND ASKS that:

1. In compliance with the Rules of Court Administration, the following information is provided by the parties:

to. Eyal S. Rosenstock, Plaintiff: 6508 Bannockburn Drive, Bethseda 20817

b. Marie Piñeiro Pérez, Respondent: Urb. Paseo Los Robles, Las Colinas 2 Apt. 1305

c. Luis Ignacio Piñeiro Montalvo, Respondent: Building Gallery 100 Suite 6 Cabo Rojo, PR 00623

2. The Complainant was married to Mrs. Marie Piñero Pérez (Respondent) from May 2003 until the HONORABLE COURT issued a divorce decree on May 14, 2015 in case ISRF201400879.

3. As part of the process the divorce lawsuit, filed by the hereby Defendant on July 7, 2014, the HONORABLE COURT referred the case to the Child Support Examiner to determine child support for the minor children of Mr. Eyal S. Rosenstock and Mrs. Marie Piñero Pérez.

4. On August 26, 2014, the Court ordered Mr. Eyal S. Rosenstock to pay provisional child support and adopted the Report on the Examination of the Alimony Examination on the same date and in which the parties stipulated that the Complainant of heading would provisionally pay 100% of the supplementary expenses of the minors.

5. Mr. Rosenstock submitted a request for reconsideration of child support on September 11, 2014 that was denied on October 29, 2014.

6. On February 3, 2016, the Court modified the basic maintenance and ordered Mr. Eyal S. Rosenstock to pay provisional maintenance of $ 1,214, .89 plus 100% of the supplementary expenses of the minors.

7. On April 15, 2016, Mr. Rosenstock and Mrs. Piñeiro began presenting evidence to establish the final alimony. The test was presented until January 12, 2018.

8. On February 12, 2018, the Child Support Examiner issued an Act-Report of the Child Support Examiner and the Court, through RESOLUTION, approves and adopts it on February 13, 2018 and orders to pay Mr. Rosenstock a maintenance allowance as of July 7, 2014 (calculated differently for four different periods).

9. Several hearings to establish a final pension were suspended or re-signaled and views specifically held on the following dates:

to. January 29, 2016

b. April 15, 2016

c. November 3, 2016

d. November 4, 2016

and. December 5, 2016

F. December 1, 2017

g. January 12, 2018

h. January 29, 2018

10. At the hearing on January 29, 2018, a document titled "LOAN AGREEMENT" dated August 23, 2016 granted by Mrs. Marie Piñeiro and her father, Mr. Luis Ignacio Piñeiro (both defendants of epigraph) before the notary attorney Hilda A. Avilés Sánchez.

11. In said "LOAN AGREEMENT", some amounts of money delivered by Mr. Luis Ignacio Piñeiro to Ms. Marie Piñero, prior to August 23, 2016, are disclosed and presented as being made as a loan subject to rs. Marie Pineiro getting a job.

12. In said "LOAN AGREEMENT" also contains a stipulation that all expenses incurred by Mr. Luis Ignacio Piñeiro in favor of Mrs. Marie Piñeiro or her children (grandchildren of Mr. Luis Ignacio Piñeiro) will be paid by Mrs. Marie Piñeiro to Mr. Luis Ignacio Piñeiro when she gets a job.

13. The effect of the aforementioned "LOAN AGREEMENT" is to prevent the amounts mentioned in it from being taken into account as income of Mrs. Marie Piñeiro and, indeed, that was the effect it had at the hearing before the Child Support Examiner.

14. The mentioned "LOAN AGREEMENT" is a simulated contract that conceals a donation contract between Mr. Luis Ignacio Piñeiro and Ms. Marie Piñeiro.

15. The purpose of said "LOAN AGREEMENT" is rather fabricated evidence to manipulate the Child Support Guidelines and to make Mr. Eyal S. Rosenstock pay more child support than what is in law due to the fact that effectively , the amounts paid by Mr. Luis Ignacio Piñeiro to Mrs. Marie Piñeiro were as a donation and these should be imputed as income to Mrs. Marie Piñeiro as required by the Child Support Guidelines.

16. Procedural events in this case reveal the simulation characteristics in this "LOAN AGREEMENT" as:

to.

a. The divorce case was filed on July 7, 2014.

b. There were several statements, several suspensions and at least two hearings held before the Child Support Examiner before the alleged "LOAN AGREEMENT" was filed, which has the effect of retroactively declaring the existence of a loan between Mrs. Marie Piñeiro and her father, Mr. Luis Ignacio Piñeiro.

c. The aforementioned "LOAN AGREEMENT" is manufactured on August 23, 2016, in view of the obvious proximity of the notice for viewing on November 3, 2016, and alludes for the first time to amounts granted to Mrs. Piñeiro as a "loan" from the 2014.

d. Said "LOAN AGREEMENT" has the inherent effect of a declaration stipulated among the "contracting parties" that any interaction and expense that Mr. Luis Ignacio Piñeiro has as a grandfather of the minors and as a parent of the Respondent, even as part of the interactions daily and normal between a grandparent with his grandchildren and a father and daughter are attributed to a simulated "LOAN AGREEMENT" and are taken into consideration to increase the amount of child support that is imposed on Mr. Eyal S. Rosenstock retroactively and prospectively.

Said "LOAN AGREEMENT" had the effect of presenting the testimony of Mr. Luis Ignacio Piñeiro to the Child Support Examiner through a "self-serving" document presented by Mrs. Marie Piñeiro, which was stipulated between the parties, their admission has constituted a mockery to the Honorable Court and a failure to justice on the part of Mrs. Marie Piñeiro and Mr. Luis Ignacio Piñeiro.

F. Regarding the presentation of evidence on other sources of income, Ms. Marie Piñeiro has been sparse and general but has been very candid and specific with regard to the "LOAN AGREEMENT" in question.

g. Mr. Luis Ignacio Piñeiro is a doctor by profession, generates substantial income and the donations made to Ms. Marie Piñeiro and the children of this one do not represent a greater patrimonial impairment of her part that merits the granting of a "LOAN AGREEMENT" with her daughter with a clause of judicial claim when it arises from the same document that the payment of the alleged "loan" is subject to an uncertain condition that the borrower obtains a job, which in the past four years has not occurred.

h. Through communications made to him by his minor children, Mr. Eyal Rosenstock came to the knowledge that Mrs. Marie Piñero's intention is for Mr. Eyal Rosenstock to pay 100% of the expenses of his children and his ex-wife. and, to that end, Mrs. Marie Piñeiro conditions the paternal-filial relations to which Mr. Eyal S. Rosenstock pays the amounts that she claims. Mrs. Marie Piñero uses her children as a means to make economic claims to Mr. Eyal S. Rosenstock.

17. It is in July 2018, approximately, that the Claimant finds out that the agreement between Mrs. Marie Piñeiro and Mr. Luis Ignacio Piñeiro is indeed a simulated one with the intention of making Mr. Eyal Rosenstock pay a higher amount of child support to which corresponds in Law and that Mrs. Marie Piñeiro is attributed a minor child support responsibility to their children.

PLEA

Wherefore, it is requested of this HONORABLE COURT to declare the LOAN AGREEMENT drawn up by Mrs. Marie Piñeiro and Mr. Luis Ignacio Piñeiro on August 23, 2016 before the notary Hilda A. Avilés

Sánchez (Testimony number 1,801) null and void, and, in its place, declare the existence of a contract of donation between the same parties with any other pronouncement that in Law proceeds.

IN MERIT OF THE ABOVE EXPOSED, to this Honorable Court it is pleaded: be served the corresponding legal procedures to declare this suit **GRANTED** and with any other pronouncement that in law proceeds.

Respectfully, Submitted.

In Mayagüez, of Puerto Rico, on the 27th day of February 2018.