ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE MAYAGÜEZ
SALA SUPERIOR

| | |
|---|---|
| EYAL S. ROSENSTOCK<br>DEMANDANTE | Civil Núm. |
| v. | |
| MARIE PIÑEIRO PÉREZ, LUIS IGNACIO<br>PIÑEIRO MONTALVO<br>DEMANDADOS | SOBRE: Acción declarativa de simulación<br>contractual |

## DEMANDA

Comparece ante el HONORABLE TRIBUNAL el Sr. EYAL S, ROSENSTOCK, el demandante de epígrafe, mediante la representación legal que suscribe y muy respetuosamente ALEGA, EXPONE Y SOLICITA que:

1. En cumplimiento de las Reglas de la Administración de Tribunales se provee la siguiente

   información de las partes:

   a. Eyal S. Rosenstock, Demandante:  6508 Bannockburn Drive, Bethseda 20817
   b. Marie Piñeiro Pérez, Demandada:  Urb. Paseo Los Robles, Las Colinas 2 Apto 1305
   c. Luis Ignacio Piñeiro Montalvo, Demandado:  Edificio Galería 100 Suite 6 Cabo Rojo,
      PR 00623

2. El Demandante estuvo casado con la Sra. Marie Piñero Pérez (Demandada)  desde mayo

   2003 hasta el HONORABLE TRIBUNAL dictó sentencia de divorcio el 14 de mayo de 2015

   en el caso ISRF201400879.

3. Como parte del proceso la demanda de divorcio, radicada por la aquí Demandada en 7 de

   julio de 2014, el HONORABLE TRIBUNAL refirió el caso a la Examinadora de Pensiones

   Alimentarias para determinar una pensión alimentaria a favor de los hijos menores de edad

   del Sr. Eyal S. Rosenstock y la Sra. Marie Piñero Pérez.

4. El 26 de agosto de 2014, el Tribunal ordenó al Sr. Eyal S. Rosenstock el pago de una pensión

   provisional y adoptó el Acta Informe de la Examinadora de Pensiones Alimentarias de la

   misma fecha y en la cual las partes estipularon que el Demandante de epígrafe pagaría

   provisionalmente el 100% de los gastos suplementarios de los menores.

5. El Sr. Rosenstock presentó una solicitud de reconsideración a la pensión alimentaria el 11 de septiembre de 2014 que fue declarada No Ha Lugar el 29 de octubre de 2014.

6. El 3 de febrero de 2016 el Tribunal modificó la pensión alimentaria básica y ordenó al Sr. Eyal S. Rosenstock pagar una pensión alimentaria provisional de $1,214,.89 más el 100% de los gastos suplementarios de los menores.

7. El 15 de abril de 2016 el Sr. Rosenstock y la Sra. Piñero comenzaron a presentar prueba para establecer la pensión alimentaria final. La prueba se estuvo presentando hasta el 12 de enero de 2018.

8. El 12 de febrero de 2018 la Examinadora de Pensiones Alimentarias emite una Acta-Informe de la Examinadora de Pensiones Alimentarias y el Tribunal, mediante RESOLUCION, aprueba y adopta la misma el 13 de febrero de 2018 y ordena a pagar al Sr. Rosenstock una pensión alimentaria a partir del 7 de julio de 2014 (calculada en forma diferente para cuatro periodos distintos).

9. Se varios señalamientos de vista para establecer una pensión final fueron suspendidos o re-señalados y se celebraron vistas específicamente en las siguientes fechas:

   a. 29 de enero de 2016

   b. 15 de abril de 2016

   c. 3 de noviembre 2016

   d. 4 de noviembre 2016

   e. 5 de diciembre 2016

   f. 1 de diciembre 2017

   g. 12 de enero 2018

   h. 29 de enero 2018

10. En la vista del 29 de enero de 2018 se admitió como evidencia por estipulación un documento titulado "CONTRATO DE PRESTAMO" fechado 23 de agosto de 2016 otorgado por la Sra. Marie Piñeiro y su padre, el Sr. Luis Ignacio Piñeiro (ambos demandados de epígrafe) ante la notaria Lcda. Hilda A. Avilés Sánchez.

11. En dicho "CONTRATO DE PRESTAMO" se desglosa unas cantidades de dinero entregadas por el Sr. Luis Ignacio Piñeiro a la Sra. Marie Piñero, anteriormente al 23 de agosto de 2016 y se presentan como que fueron hechas a manera de préstamo sujeto a que la Sra. Marie Piñeiro consiga un empleo.

12. En dicho "CONTRATO DE PRESTAMO" también contiene una estipulación de que todos los gastos en que el Sr. Luis Ignacio Piñero incurra a favor de la Sra. Marie Piñeiro o de sus hijos (nietos del Sr. Luis Ignacio Piñeiro) serán pagados por la Sra. Marie Piñeiro al Sr. Luis Ignacio Piñeiro cuando aquélla consiga un empleo.

13. El efecto del mencionado "CONTRATO DE PRESTAMO" es evitar que las cantidades mencionadas en el mismo sean tomadas en cuenta como ingresos de la Sra. Maire Piñeiro y, efectivamente ese fue el efecto que tuvo en la vista ante la Examinadora de Pensiones Alimentarias.

14. El mecionado "CONTRATO DE PRESTAMO" es un contrato simulado que encubre a su vez un contrato de donación entre el Sr. Luis Ignacio Piñeiro y la Sra. Marie Piñeiro.

15. El propósito de dicho "CONTRATO DE PRESTAMO" es más bien una evidencia fabricada para manipular las Guías de Pensiones Alimentarias y hacer que el Sr. Eyal S. Rosenstock pague una pensión alimentaria mayor a la que en Derecho le corresponde dado a que efectivamente, las cantidades pagadas por el Sr. Luis Ignacio Piñeiro a la Sra. Marie Piñeiro fueron en calidad de donación y éstas debieron imputarse como ingresos a la Sra. Marie Piñero según requieren las Guías de Pensiones Alimentarias.

16. Eventos procesales en este caso revelan la características de simulación en este "CONTRATO DE PRESTAMO" como:

    a. El caso de divorcio fue radicado en 7 de julio de 2014.

    b. Hubo varios señalamientos, varias suspensiones y al menos dos vistas celebradas ante la Examinadora de Pensiones Alimentarias antes de que se presentara el alegado "CONTRATO DE PRESTAMO" que tiene el efecto de declarar retroactivamente la existencia de un préstamo entre la Sra. Marie Piñeiro y su padre, el Sr. Luis Ignacio Piñeiro.

    c. El mencionado "CONTRATO DE PRESTAMO" se fabrica el 23 de agosto de 2016 ante la obvia cercanía del señalamiento para vista el 3 de noviembre de 2016 y hace alusión por primera vez a cantidades otorgas a la Sra. Piñeiro en calidad de "préstamo" desde el 2014.

d.  Dicho "CONTRATO DE PRESTAMO" tiene efecto inherente de una declaración estipulada entre los "contratantes" de que toda interacción y gasto que tenga el Sr. Luis Ignacio Piñeiro como abuelo de los menores y como padre de la Demandada, aun como parte de las interacciones cotidianas y normales entre un abuelo con sus nietos y un padre con su hija sean atribuidas a un simulado "CONTRATO DE PRESTAMO" y sean tomadas en consideración para aumentar la cantidad de pensión alimentaria que se le imponga Sr. Eyal S. Rosenstock retroactivamente y prospectivamente.

e.  Dicho "CONTRATO DE PRESTAMO" tuvo el efecto de presentar ante la Examinadora de Pensiones Alimentarias, el testimonio del Sr. Luis Ignacio Piñeiro por medio de un documento "self-serving" presentado por la Sra. Marie Piñeiro que, si bien fue estipulado entre las partes, su admisión ha constituido una burla al Honorable Tribunal y un fracaso a la justicia por parte de la Sra. Marie Piñeiro y el Sr. Luis Ignacio Piñeiro.

f.  En lo que respecta a la presentación de prueba sobre sus otras fuentes de ingreso, la Sra. Marie Piñeiro ha sido parca y general pero ha sido muy cándida y específica en lo que respecta al "CONTRATO DE PRESTAMO" en cuestión.

g.  El Sr. Luis Ignacio Piñeiro es médico de profesión, genera ingresos sustanciales y las donaciones que efectúa a la Sra. Marie Piñeiro y los hijos de ésta no representan un menoscabo patrimonial mayor de su parte que amerite el otorgamiento de un "CONTRATO DE PRESTAMO" con su hija con una cláusula de reclamación judicial cuando del mismo documento surge que el pago del alegado "préstamo" está sujeto a una condición incierta de que la prestataria obtenga un empleo, cosa que en los pasados cuatro años no ha ocurrido.

h.  Mediante comunicaciones que le han hecho sus hijos menores de edad, el Sr. Eyal Rosenstock advino en conocimiento que la intención de la Sra. Marie Piñero es que el Sr. Eyal Rosenstock pague el 100% de los gastos de sus hijos y su ex esposa y, con ese fin, la Sra. Marie Piñeiro condiciona las relaciones paterno-filiales a que el Sr. Eyal S. Rosenstock pague las cantidades que ella reclama.  La Sra. Marie Piñero usa sus hijos como medio para hacerle la reclamaciones económicas al Sr. Eyal S. Rosenstock.

17. Es en julio 2018, apróximadamente que el Demandante se entera mediante que el acuerdo entre la Sra. Marie Piñeiro y el Sr. Luis Ignacio Piñeiro es efectivamente uno simulado con la intención de hacer pagar al Sr. Eyal Rosenback una cantidad de pensión alimentaria mayor a la que le corresponde en Derecho y que a la Sra. Marie Piñeiro se le atribuya una responsabilidad alimentaria menor ante sus hijos.

### SUPLICA

Por todo lo cual se le solicita al HONORABLE TRIBUNAL que declare nulo el CONTRATO DE PRESTAMO redactado por la Sra. Marie Piñeiro y el Sr. Luis Ignacio Piñeiro el 23 de agosto de 2016 ante la notaria Hilda A. Avilés Sánchez (Testimonio número 1,801) y, en su lugar declare existente un contrato de donación entre las mismas partes con cualquier otro pronunciamiento que en Derecho proceda.

**EN MERITO DE LO ANTES EXPUESTO,** a este Honorable Tribunal se suplica: se sirva previo a los trámites legales correspondiente declarar **CON LUGAR** esta demanda y con cualquier otro pronunciamiento que en derecho proceda.

Respetuosamente, Sometido.

En Mayagüez , de Puerto Rico, a los 27 días de febrero de 2018.

Lcda. Niorly Y. Mendoza Rivera
RUA:17,650
151 Calle de San Francisco
Suite 200 Box 5138
San Juan, PR 00901
787-506-5021
lcdamendoza@icloud.com